**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**KING INDUSTRIES, INC.**                                                    **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 3:07CV671 HTW-LRA**

**UNITED ASSOCIATION OF JOURNEYMEN**
**AND APPRENTICES OF THE PLUMBING AND**
**PIPE FITTING INDUSTRY OF THE UNITED**
**STATES AND CANADA, AFL-CIO, PLUMBERS**
**AND PIPE FITTERS LOCAL 714 AND STEVE PIKE**

                                                                       **DEFENDANTS**
_____

**ORDER**

        This cause is before the Court upon the Motion for Reconsideration [#175] filed on April

30, 2009, by Plaintiff King Industries, Inc. [hereinafter "Plaintiff"].  For the reasons set forth in

Plaintiff's motion and supporting memorandum and rebuttal, the undersigned finds that the

motion is well advised and should be granted.

        In the prior Order [#161] entered by the undersigned on April 14, 2009, Plaintiff's

motion to compel UA was denied as to Request No. 7.  Request No. 7 provided as follows:

> REQUEST NO. 7: Produce true and correct copies of all insurance
> contracts to which you are a party, directly or indirectly, which
> may or will provide a defense and/or satisfy any judgment for any
> one or more of the claims asserted in the Complaint in this action.

The decision to deny the motion was based upon the undersigned's understanding that the only

insurance policy which would cover a judgment rendered in this case had already been produced.

The Court is now convinced that this was a misunderstanding of the facts in this case.

Only three reasons justify a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." **Atkins v. Marathon LeTourneau Co.**, 130 F.R.D. 625, 626 (S.D. Miss. 1990); *see also* **Williams v. Mississippi Action for Progress, Inc.**, 824 F. Supp. 621, 623-24 (S.D. Miss. 1993); **FDIC v. Cage**, 810 F. Supp. 745, 747 (S.D.Miss. 1993); **Currie v. Baxter, Brown & Co.**, 145 F.R.D. 66, 67 (S.D. Miss. 1992).

The undersigned finds that under the circumstances of this case, the prior ruling was an error of law that the Court may correct at its discretion. Rule 26 requires the production of all such insurance policies for discovery purposes, even if coverage is contested.

IT IS, THEREFORE, ORDERED that Plaintiff's motion for reconsideration is **granted**, and, upon reconsideration, Plaintiff's motion to compel [#95] is granted as to Request No. 7. Defendant UA shall fully respond to Request No. 7 on or before July 22, 2009.

SO ORDERED, this the 8th day of July, 2009.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE